[Cite as *Austin v. Ohio Dept. of Transp, Dist. 4*, 2010-Ohio-6548.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LISA AUSTIN

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 4

     Defendant
     Case No. 2010-04033-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Lisa Knight, filed this action against defendant, Department of Transportation (ODOT), contending her 2000 Volkswagen Jetta was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining a hazardous condition on US Route 30 in Wayne County. In her complaint, plaintiff provided a narrative description of her damage event recording she was traveling "[a]t the intersection of SR-30 and 94; turning onto SR-30, our passenger side front tire went through a pot-hole that was unmarked." Plaintiff related the damage-causing pothole "was approximately 2.5 feet wide and 8-12" deep." Plaintiff estimated she was traveling between ten and fifteen mph at the time her car impacted with the pothole, which damaged the oil pan on the vehicle necessitating replacement. Plaintiff recalled the particular damage incident occurred on February 19, 2010 at approximately 7:00 p.m. Plaintiff requested damages in the amount of $654.54, the total cost of automotive repair as well as towing expenses. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 19, 2010 described occurrence. Defendant located the pothole on

US 30 "at milepost 24.03 in Wayne County." Defendant explained that ODOT records show no prior reports of a pothole at the location despite the fact that the particular "section of roadway on US 30 has an average daily traffic count between 14,080 and 17,190 vehicles." Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular pothole at milemarker 24.03 was present on the roadway prior to 7:00 p.m. on February 19, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

**{¶ 3}** Additionally, defendant contended that plaintiff did not offer evidence to prove the roadway was negligently maintained. Defendant stated, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that two (2) pothole patching operations were conducted at this specific location and the last repair was on February 19, 2010, which is the same day as plaintiff's incident." The submitted record shows ODOT personnel patched potholes on US Route 30 between milepost 0.00 and 25.70 on February 19, 2010. The trier of fact finds this evidence is inconclusive to the issue of whether or not the pothole at milepost 24.03 had been patched earlier in the day on February 19, 2010 or had newly formed after ODOT crews left the area. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

**{¶ 4}** Defendant advised the ODOT "Wayne County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to February 19, 2010. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove her property damage was attributable to any conduct on the part of ODOT personnel. Defendant provided records showing ODOT personnel conducted snow removal operations on US Route 30 every day from February 15, 2010 to February 19, 2010. Defendant observed that despite the fact the Wayne County ODOT personnel were involved with snow removal operations during February 2010 "every opportunity they had they promptly did pothole patching as soon as it was reported."

**{¶ 5}** For plaintiff to prevail on a claim of negligence, she must prove, by a

preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 6}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 7}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on US Route 30 prior to the evening of February 19, 2010.

**{¶ 8}** Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

**{¶ 9}** In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v.*

*Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not by simply applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on two occasions, including the day of plaintiff's damage event, does not prove negligent maintenance of the roadway on the part of ODOT. Liability based on negligent maintenance may be proven in situations where property damage has been caused by a pothole that had been previously patched and the patch was subject to rapid deterioration. See *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618. In the instant claim, it is unclear that the pothole plaintiff's car struck was newly formed or had been patched earlier in the day on February 19, 2010 and the patch was subject to rapid deterioration. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation*

*Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LISA AUSTIN

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 4

      Defendant

      Case No. 2010-04033-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                  _____
                                  DANIEL R. BORCHERT
                                  Deputy Clerk

Entry cc:

Lisa Austin
121 Lindy Lane Avenue S.W.
N. Canton, Ohio  44720

RDK/laa
8/6
Filed 9/15/10
Sent to S.C. reporter 12/29/10

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223